**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO. 0:26-cv-61037-JTK

MARCO VERCH,

Plaintiff,

v.

CITIEFELLOW LLC d/b/a CITIEGOLD,

Defendant.

---

**DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant CITIEFELLOW LLC d/b/a CITIEGOLD ("Defendant"), by and through undersigned counsel, answers the Complaint of Plaintiff MARCO VERCH ("Plaintiff") and states its defenses and affirmative defenses as follows. Except as expressly admitted herein, every allegation of the Complaint is denied. Defendant further states that the unnumbered headings in the Complaint are not allegations of fact and require no response; to the extent any heading is deemed to contain an allegation, it is denied.

**SUMMARY OF THE ACTION**

1. Paragraph 1 characterizes the nature of the action and states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring an action under the Copyright Act, 17 U.S.C. § 106, and denies that Defendant infringed any valid copyright of Plaintiff or is liable to Plaintiff in any amount.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and on that basis denies them.

3. Admitted that Defendant CitieFellow LLC is a Florida limited liability company; that "CitieGold" is a fictitious name registered to CitieFellow LLC with the Florida Department of State, Division of Corporations, Registration No. G19000073503; that Defendant uses "CitieGold Pines" as branding; that Defendant operates a business located at 269 N. University Drive, Pembroke Pines, Florida; and that Defendant operates the Facebook account CitieGoldPines. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff means by "additional branding" and "associated online platforms and social media accounts" beyond those expressly identified, and on that basis denies those allegations. Except as expressly admitted, the allegations of Paragraph 3 are denied.

4. Admitted that Defendant is a gold-buying business located in Pembroke Pines, Florida; that Defendant offers risk-free appraisals and same-day cash payments for gold, jewelry, and other precious metals; and that at times relevant to the Complaint Defendant operated the Facebook page located at https://www.facebook.com/CitieGoldPines/. Denied that the Facebook page is an "internet website." Except as expressly admitted, the allegations of Paragraph 4 are denied.

5. Denied.

## JURISDICTION AND VENUE

6. Admitted that Plaintiff purports to bring an action arising under the Copyright Act, 17 U.S.C. § 501. Denied that Defendant violated that or any other provision of the Copyright Act.

7. Admitted that this Court has subject matter jurisdiction over claims arising under the Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Admitted that Defendant is subject to personal jurisdiction in Florida. Denied that Defendant has been properly served with process in this action, and Defendant expressly preserves its defense of insufficient service of process as set forth below.

9. Admitted that Defendant resides in this district, that Defendant is subject to personal jurisdiction in this district, and that venue is proper in this district. Denied that Defendant engaged in infringement in this district or anywhere else. Except as expressly admitted, the allegations of Paragraph 9 are denied.

## DEFENDANT

10. Admitted that Defendant is a Florida limited liability company with its principal place of business at 269 N. University Drive, Pembroke Pines, Florida 33024, and that Jose Pareja, Sr. is the registered agent of CitieFellow LLC. Denied that Defendant was properly served with process in this action. Except as expressly admitted, the allegations of Paragraph 10 are denied.

## THE COPYRIGHTED WORK AT ISSUE

11. Denied. Exhibit 1 to the Complaint, which is part of the pleading under Fed. R. Civ. P. 10(c), identifies the author of the works covered by the referenced registration as Jernej Furman, a citizen of Slovenia, and identifies Plaintiff as claimant "By written agreement." Defendant denies that Plaintiff created the photograph at issue. Defendant is further without knowledge or information sufficient to form a belief as to whether the photograph at issue is among the works identified in the referenced group registration, and on that basis denies that allegation. Except as expressly stated, the allegations of Paragraph 11 are denied.

12. Admitted that a Certificate of Registration bearing Registration Number VA 2-254-635, with an effective date of registration of June 3, 2021, is attached to the Complaint as Exhibit

1, and that the certificate speaks for itself. Denied that Plaintiff authored the works covered by that registration. Denied that the photograph at issue in this action is among the works covered by that registration. Except as expressly admitted, the allegations of Paragraph 12 are denied.

13. Denied.

**INFRINGEMENT BY CGP**

14. Denied.

15. Denied.

16. Denied. Defendant specifically denies that Plaintiff discovered the use alleged in the Complaint on or about April 13, 2023, and denies that Plaintiff first discovered or reasonably should have first discovered that use on that date. Except as expressly stated, the allegations of Paragraph 16 are denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied. Defendant further states that Exhibit 2 to the Complaint is a document that speaks for itself, and denies Plaintiff's characterization of it.

21. Denied.

22. Denied. Defendant did not receive any communication from Plaintiff, from counsel for Plaintiff, or from any agent or representative of Plaintiff on May 13, 2025, on July 2, 2025, or at any time prior to the filing of this action. Admitted only that the parties have not resolved this matter.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

23. Paragraph 23 is an incorporation paragraph containing no allegation requiring a response. To the extent a response is required, Defendant repeats and realleges its responses to Paragraphs 1 through 22 above as if fully set forth herein.

24. Denied.

25. Admitted that a group registration bearing Registration Number VA 2-254-635 issued on June 3, 2021. Denied that the photograph at issue in this action is covered by that registration. Denied that Plaintiff satisfied any condition or requirement of 17 U.S.C. § 411 with respect to the photograph at issue. Except as expressly admitted, the allegations of Paragraph 25 are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT II**

**ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION**

31. Paragraph 31 is an incorporation paragraph containing no allegation requiring a response. To the extent a response is required, Defendant repeats and realleges its responses to Paragraphs 1 through 22 above as if fully set forth herein.

32. Denied.

33. Denied. Defendant specifically denies that it affixed its logo, or any other copyright management information, directly onto the photograph at issue. Exhibit 2 to the Complaint depicts a composite advertisement in which the photograph appears in one region of the

composite and Defendant's logo appears in a discrete, separate region set apart by its own border. Nothing was affixed to the photograph and nothing was removed from it. Defendant further denies that the logo conveys any author, title, copyright owner, terms of use, or other copyright management information as to the photograph, and denies that it acted knowingly or with any intent to induce, enable, facilitate, or conceal infringement. Except as expressly stated, the allegations of Paragraph 33 are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE paragraph of the Complaint, including subparagraphs (a) through (e), and denies that Plaintiff is entitled to any relief whatsoever. Defendant further notes that the WHEREFORE paragraph seeks judgment against "CITIEGOLD PINES," which is not a party to this action.

**GENERAL DENIAL**

Each and every allegation of the Complaint not expressly admitted above is denied.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without assuming any burden of proof, persuasion, or production that it would not otherwise bear, and reserving the right to amend, supplement, or withdraw any defense as discovery proceeds, Defendant asserts the following defenses and affirmative defenses.

**FIRST DEFENSE**
**(Statute of Limitations — 17 U.S.C. § 507(b))**

Plaintiff's claims are barred in whole or in part by the three-year limitations period of 17 U.S.C. § 507(b). The Complaint pleads no date for the conduct alleged, alleging only that copying occurred "on a date after the Work at issue in this action was created, but prior to the filing of this action." The sole limitations anchor pleaded anywhere in the Complaint is Plaintiff's asserted discovery on or about April 13, 2023, and the Complaint was filed on April 10, 2026. Exhibit 2 to the Complaint bears a publication date of March 17, 2023 for the post at issue. Plaintiff is a professional photographer who monitors and enforces the use of his photographs, and is chargeable with the knowledge that reasonable diligence and his own monitoring practices would have produced. Plaintiff knew or reasonably should have known of the use alleged more than three years before this action was filed.

**SECOND DEFENSE**
**(Insufficient Service of Process — Fed. R. Civ. P. 12(b)(5))**

Service of process was insufficient and this Court has not acquired jurisdiction over Defendant. Plaintiff purported to effect substituted service through the Florida Secretary of State. Substituted service statutes are strictly construed and the burden of demonstrating strict compliance rests with the party invoking them. Plaintiff's Motion for Extension of Time [ECF No. 9] asserts compliance with Fla. Stat. §§ 48.181 and 48.161, statutes governing service upon nonresidents and persons concealing their whereabouts, which have no application to a Florida limited liability company with a registered agent designated at a Florida address. The Acceptance of Service issued by the Florida Department of State [ECF No. 11-1] recites acceptance under Fla. Stat. § 48.062. Plaintiff represented to this Court that it would provide Defendant with notice of substituted service and copies of the Summons and Complaint by certified mail and would thereafter file the required affidavit of compliance. Plaintiff instead transmitted those materials

by Federal Express [ECF No. 11-2], which is neither registered nor certified mail, and no affidavit of compliance has been filed in this action. Defendant does not waive and expressly preserves this defense.

**THIRD DEFENSE**
**(Lack of Standing — No Valid Transfer Under 17 U.S.C. § 204(a))**

Plaintiff lacks standing to sue under 17 U.S.C. § 501(b). Exhibit 1 to the Complaint identifies Jernej Furman, a citizen of Slovenia, as the author of the registered works, identifies Plaintiff as Copyright Claimant, and states a transfer statement of "By written agreement." No such writing has been produced or described. A transfer of copyright ownership is invalid unless in a writing signed by the owner of the rights conveyed. 17 U.S.C. § 204(a). Neither the existence, the date, nor the scope of any such instrument has been established, and in particular it has not been established that any instrument conveyed to Plaintiff causes of action that accrued before its execution.

**FOURTH DEFENSE**
**(The Photograph Is Not Within Registration No. VA 2-254-635)**

Registration No. VA 2-254-635 is a group registration of 750 published photographs under 37 C.F.R. § 202.4. The annotation on the face of the certificate states that registration extends only to photographs that are uploaded and appear within the photograph title list. That title list has not been produced, and nothing establishes that the photograph at issue in this action appears on it. If the photograph is not among the works on the deposited title list, it is not registered and Plaintiff's claims fail to the extent they depend upon that registration.

**FIFTH DEFENSE**
**(No Statutory Damages or Attorney's Fees — 17 U.S.C. § 412)**

Plaintiff is barred from recovering statutory damages or attorney's fees under 17 U.S.C. § 412. The photograph at issue has not been shown to be covered by any registration. The

exemption in 17 U.S.C. § 411(a) for works whose country of origin is not the United States excuses the pre-suit registration requirement of that section; it does not displace the separate limitation imposed by § 412.

**SIXTH DEFENSE**
**(License)**

Defendant is informed and believes, and on that basis alleges, that the photograph at issue was published under a Creative Commons Attribution license permitting any person to reproduce, distribute, and use the photograph for commercial purposes without charge, subject only to attribution. Plaintiff's claims are barred in whole or in part, and Plaintiff's damages are eliminated or reduced, by that express or implied license. Defendant will establish the applicable license and its terms in discovery.

**SEVENTH DEFENSE**
**(Innocent Infringement — 17 U.S.C. § 504(c)(2))**

Any infringement, which is denied, was not willful and was innocent within the meaning of 17 U.S.C. § 504(c)(2). Defendant was not aware and had no reason to believe that its acts constituted infringement of copyright. The photograph as obtained bore no visible copyright notice, watermark, attribution, credit line, or other indication of ownership. Any award of statutory damages should accordingly be reduced to not more than $200.

**EIGHTH DEFENSE**
**(Failure to State a Claim — Count II)**

Count II fails to state a claim upon which relief can be granted. Section 1202(a) requires both that the defendant knew the copyright management information was false and that the defendant acted with the intent to induce, enable, facilitate, or conceal infringement. In *Victor Elias Photography, LLC v. Ice Portal, Inc.*, 43 F.4th 1313 (11th Cir. 2022), the Eleventh Circuit construed the parallel scienter provision of 17 U.S.C. § 1202(b) and held that the second element

requires an affirmative showing of some identifiable connection between the defendant's actions and the infringement or the likelihood of infringement, cautioning that any contrary reading would collapse the two scienter requirements into one. Courts in this District apply that same requirement to claims under § 1202(a). *See Munro v. Fairchild Tropical Botanic Garden*, 2022 U.S. Dist. LEXIS 27504 (S.D. Fla. Jan. 13, 2022). The Complaint pleads scienter in the words of the statute and supplies no supporting fact. In addition, the allegation that Defendant affixed its logo "directly onto the Work" is refuted by Exhibit 2, and a business mark identifying the advertiser conveys no author, title, copyright owner, or terms of use as to any photograph appearing within the advertisement.

**NINTH DEFENSE**
**(Failure to Mitigate)**

Plaintiff's recovery is barred or reduced by his failure to mitigate damages. The Complaint alleges that Plaintiff discovered the use at issue on or about April 13, 2023 and that Plaintiff first notified Defendant on May 13, 2025, more than two years later. Any damages that accrued during that period are attributable to Plaintiff's own delay.

**TENTH DEFENSE**
**(Limitation to a Single Award — 17 U.S.C. § 504(c)(1))**

Any award of statutory damages is limited to a single award for the one photograph alleged to have been infringed, regardless of the number of infringing acts, posts, or platforms alleged.

**ELEVENTH DEFENSE**
**(Reservation of Rights as to Fees and Costs)**

Defendant reserves its rights to recover its full costs and reasonable attorney's fees as the prevailing party under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4), and under any other applicable statute or rule.

## RESERVATION OF RIGHTS

Defendant has not knowingly or intentionally waived any applicable defense and reserves the right to assert and rely upon additional defenses that become available or apparent during discovery. Defendant reserves the right to amend or seek to amend this Answer to assert any such defense.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

WHEREFORE, Defendant CITIEFELLOW LLC d/b/a CITIEGOLD respectfully requests that this Court enter judgment in its favor and against Plaintiff, dismiss the Complaint with prejudice, deny Plaintiff all relief sought, award Defendant its costs and reasonable attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4), and grant such other and further relief as the Court deems just and proper.

Dated: September 4, 2026

Respectfully submitted,

/s/ Robert L. Drolet
ROBERT L. DROLET, P.E., ESQ.
Florida Bar No. 1004135
rob@rldpatents.com
yanina@rldpatents.com
RL DROLET PATENT PROSECUTION
SERVICES, PLLC
515 E. Las Olas Boulevard, Suite 1301
Fort Lauderdale, Florida 33301
Telephone: 954.691.0260

*Counsel for Defendant*
*CitieFellow LLC d/b/a CitieGold*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

Sanje V. Lara, Esq.
Florida Bar No. 1031680
sanje.lara@sriplaw.com
Joel B. Rothman, Esq.
Florida Bar No. 98220
joel.rothman@sriplaw.com
SRIPLAW, P.A.
21301 Powerline Road, Suite 212
Boca Raton, Florida 33433
*Counsel for Plaintiff Marco Verch*

<u>/s/ Robert L. Drolet</u>
ROBERT L. DROLET